**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RANDAL N. WIIDEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | 3:10-cv-0152-RCJ-RAM |
| | ) | |
| vs. | ) | |
| | ) | |
| HOWARD SKOLNIK, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Randal Wiideman filed a complaint in Nevada State Court alleging violations of his constitutional rights under 42 U.S.C. § 1983.   Before the Court are Defendants' Petition for Removal (Docket #1), Plaintiff's Pro Se Civil Rights Complaint (Docket #1, Exhibit A) and his Motion's for Screening (Dockets #5,  #7 and #8), as well as his Motion to Dismiss the Complaint (docket #9) and his Errata to the Motion to Dismiss (docket #10).

**I.    Removal of this Action was Proper**

Plaintiff, an inmate at Ely State Prison, filed a *pro se* civil rights complaint on February 4, 2010, in the Seventh Judicial District Court of the State of Nevada in the County of White Pine. Defendant Rex Reed were served on or about February 18, 2010. Defendants filed a Notice of Removal in this Court on March 18, 2010 (Docket #1). "The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Plaintiff has alleged a violation of his rights under the U.S. Constitution.  Defendants appropriately removed the action to this Court pursuant to 28 U.S.C. § 1441, as this Court has original jurisdiction over the claims raised in the complaint.

1    The Motions for Screening shall be denied as moot and the Motion to Dismiss shall be

2    disregarded based upon plaintiff's subsequent Errata.   The complaint shall be screened pursuant to

3    federal statute.

4    I.       **Screening Pursuant to 28 U.S.C. § 1915A**

5             Federal courts must conduct a preliminary screening in any case in which a prisoner

6    seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

7    § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that

8    are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief

9    from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings,

10   however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir.

11   1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that

12   a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

13   violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42,

14   48 (1988).

15            In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

16   Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

17   poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

18   be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

19   § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is

20   provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under

21   § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses

22   a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

23   as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

24   not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

25

26

1   Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
2   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9ᵗʰ Cir. 2000).  Dismissal for failure to state a claim
3   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
4   would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9ᵗʰ Cir. 1999).  In making
5   this determination, the Court takes as true all allegations of material fact stated in the complaint, and the
6   Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d
7   955, 957 (9ᵗʰ Cir. 1996).  Allegations of a pro se complainant are held to less stringent standards than
8   formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
9   U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed
10   factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*
11   *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation of the elements of a cause of action
12   is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

13   All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
14   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal
15   conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
16   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
17   allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
18   (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9ᵗʰ Cir. 1991).

19   **II.    Discussion**

20   To prevail under section 1983, a plaintiff must demonstrate that he has suffered a
21   violation of rights protected by the constitution or federal statute, caused by the conduct of a person
22   acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9ᵗʰ Cir. 1991).  Here,
23   plaintiff brings a single claim for relief alleging that the defendant violated his due process rights
24   guaranteed by the Fourteenth Amendment in his interpretation and enforcement of a Nevada statute,
25
26

3

1  which plaintiff alleges is unconstitutional. Plaintiff seeks injunctive relief as well as money damages,

2  punitive damages and the costs of litigation.

3      The Allegations

4      Plaintiff challenges "the Director's authority under an unconstitutional state statute,

5  N.R.S. 209.4615," which he contends is "void for lack of a sttated penalty, is overbroad by

6  prohibiting activities that are constitutionally protected, violates the commerce clause, the contracts

7  clause, the supremacy clause, violates the state trust statutes (NRS Chap. 164), violates the statutes

8  governing limited and general partnerships," and creates several other issues of purported

9  constitutional dimensions.  Plaintiff alleges he has standing to bring the action because he is the

10  successor trustee of his grandfather's various trusts, including local and international realty trusts and

11  various other entities.

12      This complaint is flawed for the following reasons: Plaintiff does not advise the court

13  or the defendant how he, personally, has been injured by the statute and/or the defendants authority

14  thereunder, and he fails to state a claim for relief.  As a convicted felon, plaintiff has lost many, if not

15  most of his freedoms and constitutional protections.  *Wolff v. McDonnell,* 418 U.S. 539, 555 (1974)

16  citing *Price v. Johnston,* 334 U.S. 266, 285 (1948) (lawful imprisonment necessarily makes

17  unavailable many rights and privileges of the ordinary citizen, a "retraction justified by the

18  considerations underlying our penal system.").  Under *Wolff* we understand that even those

19  constitutional protections that a convicted inmate retains, e.g., "substantial religious freedom,"

20  access to the courts, equal protection from invidious racial discrimination, and some due process

21  rights, those rights necessarily are limited by the "nature of the regime in which they have been

22  lawfully committed." *Id.* at 556. The convicted felon does not retain his rights to contract freely, to

23  enjoy private employment or to conduct business activities from his cell without the sanction and

24  supervision of his keepers.

25

26

4

1    The statute under attack in this complaint provides for such rational restrictions,

2  leaving the director of the correctional system with the discretion to permit or deny an inmate the

3  opportunity to participate in contractual and business activities, or private employment, based upon

4  the needs and limitations the prison environment requires.  Plaintiff's complaint fails to state a claim.

5  **III.    Conclusion**

6    Plaintiff has failed to state a claim for relief.

7    **IT IS THEREFORE ORDERED** that the Clerk shall detach and file the Complaint

8  which is **DISMISSED WITH PREJUDICE.**

9    **IT IS FURTHER ORDERED** that the Motions for Screening (dockets #5,  #7 and

10  #8) and the Motion to Dismiss (docket #9) are **denied as moot.**

11    **IT IS FURTHER ORDERED** that the Complaint is **dismissed** for failure to state a

12  claim.  Any appeal taken from this dismissal shall be taken in bad faith.  The Clerk shall enter

13  judgment accordingly.

14    DATED this 29th day of __November__, 2010.

15

16

17    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26